OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the decision of the trial court that suppressed certain evidentiary items and purportedly dismissed some of the offenses with which the defendant-appellee William H. Cook was charged.
 STATEMENT OF FACTS AND LAW {¶ 2} Appellee was operating a company work truck on October 14, 2005, in response to a service call, and while passing a vehicle, was clocked by a State Highway Patrol Trooper as going seventy-seven miles per hour in a fifty-five miles per hour zone. The Trooper, who observed no other traffic violations at the time, pulled appellee over, approached the vehicle, and obtained the appellee's drivers license information. Appellee was left to sit in the vehicle while the Trooper went to his cruiser to run a LEADS report, which showed that the appellee's Florida driver's license was under suspension for failure to pay a fine. The Trooper returned to the vehicle and advised appellee of same, to which appellee responded that he had paid the fine and cleared his license, and that a computer error must be mistakenly reflecting the suspension.[1]
 {¶ 3} The Trooper testified that he smelled an odor of burnt marijuana during his contact with appellee, but did not immediately place appellee under arrest for driving while under suspension, testifying that he wanted to conduct further investigation. The Trooper asked the appellee to exit the vehicle and appellee complied. The Trooper asked the appellee to sit on the bumper of the vehicle, and testified that he observed the appellee sway, both when he exited the vehicle and when he sat down on the bumper. The Trooper testified that once the appellee exited the vehicle, he noticed the smell of marijuana on the appellee's person. Appellee initially claimed that he had not *Page 3 
smoked marijuana prior to operating the vehicle, but rather, claimed that he had been burning trash, and that was what the Trooper smelled.
 {¶ 4} The Trooper patted the appellee down, and, according to the appellee, told the appellee that he was going to search the vehicle no matter what. Appellee told the Trooper that he would find a little red pipe with which he had taken two hits of marijuana at home earlier in the evening. Appellee claimed he had put the pipe in his pocket and forgotten about it. The Trooper searched the vehicle and found the pipe, as well as a small amount of marijuana.
 {¶ 5} The Trooper testified that appellee had neither bloodshot eyes nor slurred speech. The Trooper performed the walk and turn test on appellee, and observed none of the nine clues that would predict impairment. Appellee also passed the one leg stand test. The Trooper did not perform a vertical gaze nystagmus (VGN) test on appellee.[2]
 {¶ 6} Appellee was arrested and cited for operating a vehicle while under the influence of drugs (OVI) in violation of R.C.4511.19(A)(1)(a). In addition, he was cited for the following offenses: speeding in violation of R.C. 4511.21(D)(1); driving under suspension in violation of R.C. 4510.11(A), a first degree misdemeanor; possession of drug paraphernalia with purpose to use, to-wit: a metal smoking pipe with marijuana residue, in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor; and, possession or use of a controlled substance, to-wit: less than one hundred grams of marijuana, in violation of R.C.2925.11(C), a minor misdemeanor. *Page 4 
 {¶ 7} On December 15, 2005, appellee filed a "motion to dismiss the traffic citation/suppress/in limine all evidence", a motion consisting of seven "branches". Branch I sought to dismiss the traffic citation and suppress all evidence, arguing that the appellee was stopped unlawfully and further detained without a reasonable articulable suspicion of wrongdoing. Branch II sought to suppress any statements made by the appellee, arguing that appellee was not advised of his Miranda rights in a timely manner. Branch III sought to suppress all drug evidence obtained from appellee's vehicle, arguing that no search warrant was obtained and no applicable exceptions were present. Branch IV sought to exclude appellee's urine test results. Branch V sought a declaration by the court that R.C. 4511.19 was unconstitutional as it applies to marijuana. Branch VI sought to suppress all evidence pertaining to the OVI charge, arguing that appellee was arrested without probable cause that he was under the influence of drugs at the time he was operating the vehicle. Branch VII sought an Administrative License Suspension ("ALS") appeal, or in the alternative, a grant of hardship occupational driving privileges.
 {¶ 8} The trial court conducted a hearing on appellee's motion on March 29, 2006. At the conclusion of the hearing the trial court found that no probable cause existed with regard to the OVI charge. The court stated that the State could proceed with count B (driving under suspension) and count C (speeding). On March 30, 2006, the trial court issued a one page journal entry in which it sustained branches I and VI, overruled branches II, III and V, and declared branches IV and VII moot. The State appeals the trial court's decision, setting forth three assignments of error: *Page 5 
 {¶ 9} "I. THE TRIAL COURT ERRED IN SUSTAINING BRANCH I OF DEFENDANT'S MOTION TO DISMISS/SUPPRESS/IN LIMINE, BECAUSE REASONABLE SUSPICION AND PROBABLE CAUSE EXISTED TO STOP AND FURTHER DETAIN DEFENDANT.
 {¶ 10} "II. THE TRIAL COURT ERRED IN SUSTAINING BRANCH VI OF DEFENDANT'S MOTION TO SUPPRESS BECAUSE PROBABLE CAUSE EXISTED TO ARREST DEFENDANT.
 {¶ 11} "III. THE TRIAL COURT ERRED IN DETERMINING THE PROPER REMEDY FOR A FOURTH AMENDMENT VIOLATION IS DISMISSAL OF THE CHARGES."
 I {¶ 12} In its first assignment of error, appellant argues that the trial court erred in sustaining Branch I of the appellee's motion since reasonable suspicion and probable cause existed to stop the appellee for speeding and further detain the appellee for the administration of field sobriety tests. We agree in part.
 {¶ 13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See, State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; and, State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. See, State v. Williams (1993), 86 Ohio App.3d 37, *Page 6 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue that the trial court incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. See, State v.Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; State v.Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906, jurisdictional motion overruled by (1993), 67 Ohio St.3d 1423, 616 N.E.2d 506; andState v. Guysinger, supra.
 {¶ 14} The appellant argues that the trial court erred in finding there was no legal justification to detain the appellee for purposes of administering the field sobriety tests. Branch I of appellee's motion to suppress states that appellee was "unlawfully further detained without a reasonable articulable suspicion of wrongdoing." The trial court sustained Branch I of the appellee's motion, but actually refers to probable cause in its recitation:
 {¶ 15} "THE COURT: I think we have to look at this in light of all the different charges that were filed. First off, there's, uh, the Court has no problem at all with the basis for the initial stop. That, that was a speeding, uh, that, that's good. Um, the questions, uh once, once that occurs, then is there some reasonable or probable cause to continue with the investigation at that point. So after the initial stop, the defendant presents his paperwork to the officer, the officer comes back, leaves him alone in the vehicle, uh, comes back and runs the LEADS and finds, on the record at least as it was, even though in error, that his driver's license was suspended. So, obviously advising *Page 7 
him he's going to cite him for that is, uh, certainly valid. Uh, it appears it might be a good defense (inaudible), but that's not before the Court as this point.
 {¶ 16} "Uh, so that the, the issue then arises as to what probable cause was there to proceed with the, with the third or the primary offense, if you want to call it that, for driving under the influence of drugs. And the, uh, the evidence or the testimony that was produced said there was some odor of, uh, of marihuana. Well, there could be some odor of alcohol I suppose if he'd had a sip of beer as well, but there wasn't and, uh, he, uh, he did take a coordination test which he asked him to do and, uh, the, uh, other than the hopping, I think the other, the other test was apparently all right. He didn't ask for the HGN test. Uh, I, uh, I, I don't feel that the State has shown that there was probable cause to continue with the investigation, uh, as far as the OVI charge is concerned. Uh, he had, uh, a possession charge perhaps and would be, because he did find the items in the truck and the speed, obviously, is without question. That, uh, that was valid. But, uh, I'm not satisfied that, uh, there was probable cause to proceed with the test. I think it was just something that the officer did just hoping that there would be something there, but that isn't what the law permits. You, you just can't stop somebody for speeding and perhaps their driver's license and then see what else, what else can we find here. You've got to have probable cause for that. We are protected in that regard. And I don't feel that the officer had sufficient basis to proceed with what he did and, uh, as a result, I'm going to sustain, uh, defendant's motion. As to Branch I, uh, that would be sustained." See, Transcript of March 29, 2006, Motion to Suppress hearing at pages 127-128. *Page 8 
 {¶ 17} The trial court thus found that there was no probable cause to conduct the field sobriety tests. However, the proper standard to be applied in such an instance is not probable cause, but rather, reasonable articulable suspicion.
 {¶ 18} "Both the Fourth Amendment to the United States Constitution and Article I, Sec. 14 of the Ohio Constitution prohibit unreasonable searches and seizures. An investigatory stop is permissible if a law enforcement officer has a reasonable suspicion, based on specific and articulable facts, that the individual to be stopped may be involved in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 21-22,88 S.Ct. 1868, 20 L.Ed.2d 889. When determining whether or not an investigative traffic stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. State v. Bobo (198),37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus, cert. denied (1988),488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2w 252." See, State v. Nash, Stark App. No. 2005CA00305, 2006Ohio-6396, at ¶ 18. Under a "totality of the circumstances" approach, we look at the entirety of the events leading to the trooper's decision to conduct the field sobriety tests.
 {¶ 19} In the case sub judice, the trooper testified that he detected an odor of burnt marijuana during his contact with appellee. Although appellee correctly points out that the evidence in this case does not reveal erratic driving, or that the trooper detected slurred speech or bloodshot eyes during his conversations with appellee, the appellee need not display every possible indication of being under the influence in order for reasonable, articulable suspicion grounds to exist for the trooper to proceed with the field sobriety testing. See, State v.Edwards, Tuscarawas App. No. 2003 AP 09 077, *Page 9 
2003-Ohio-870, at paragraphs 11-12. We find that the trooper's testimony that he smelled an odor of burnt marijuana establishes reasonable, articulable suspicion such that the trooper could conduct field sobriety tests on appellee. We therefore sustain appellant's first assignment of error.
 II {¶ 20} In its second assignment of error, appellant essentially argues that the trial court erred in sustaining Branch VI of appellee's motion. Branch VI requested the court to suppress all evidence pertaining to the OVI charge for the reason that appellee was arrested without probable cause to believe that he was operating a motor vehicle while under the influence of alcohol or a drug of abuse. We disagree.
 {¶ 21} In the case sub judice, the appellee successfully completed the coordination tests administered by the Trooper. The Trooper did not perform VGN or HGN tests. There was no evidence that the appellee was driving erratically. Indeed, the only evidence submitted regarding appellee's operation of the vehicle was that of speeding, and appellee testified that he was speeding in order to pass another vehicle. He promptly pulled the vehicle over upon observation of the trooper. Appellee did not exhibit fixed pupils or blood shot eyes. He did not slur his speech. He appeared to move about without difficulty. Appellee was cooperative, respectful and provided a lucid explanation of the fact that his driver's license was no longer suspended. While the totality of the circumstances does support a finding that the trooper had a reasonable, articulable suspicion upon which to base the administration of the field sobriety tests, appellee passed said tests and therefore we agree with the trial court that no probable cause existed as to the OVI. *Page 10 
 {¶ 22} Based upon the foregoing, we overrule assignment of error number two.[3]
 III {¶ 23} In its third assignment of error, the State argues that the trial court's ruling appears to grant appellee's motion to dismiss, which is part of Branch I of appellee's motion to suppress, and appears to otherwise hold that all counts other than driving under suspension and speeding are dismissed.
 {¶ 24} We find this assignment of error to be without merit because the trial court did not explicitly dismiss any of the pending charges. In reviewing the trial court's written and oral ruling on the motion to suppress, we find no orders dismissing any of the pending charges.
 {¶ 25} Accordingly, appellant's third assignment of error is overruled.
 {¶ 26} Based upon the foregoing, the judgment of the trial court is hereby reversed in part and affirmed in part.
By: Edwards, J., Wise, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is reversed in part and affirmed in part. Costs assessed to appellant.
[1] Documentation of appellee's Florida drivers' license reinstatement was later produced.
[2] A VGN test is administered to detect the presence of drugs of influence. The Trooper testified that he also did not perform a horizontal gaze nystagmus (HGN) test on appellee, which is used to detect impairment by alcohol. According to the Trooper, he did not detect any signs of alcohol use by the appellee.
[3] We are unable to determine from either the trial court's journal entry or the statements in open court what specific evidence was suppressed. Therefore, we can not and do not address whether the trial court erred in suppressing any specific piece of evidence. Counsel may need to ask the trial court for clarification. *Page 1