OPINION
{¶ 1} Appellant, the State of Ohio, appeals from a pre-trial decision by the Fairfield County Municipal Court. Appellee William H. Cook is the defendant in the pending criminal/traffic case. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 14, 2005, Appellee Cook, while operating a company work truck, was clocked by Trooper Brain Jones of the Ohio State Highway Patrol as going seventy-seven miles per hour in a fifty-five miles per hour zone. The trooper pulled appellee over, approached the vehicle, and obtained appellee's license information. Appellee was left to sit in the vehicle while Trooper Jones went to his cruiser to run a LEADS report, which at that time showed that appellee's Florida driver's license was under suspension.
 {¶ 3} Upon further investigation by Trooper Jones, including field sobriety tests, appellee was arrested and cited for operating a vehicle while under the influence of drugs (OVI) in violation of R.C.4511.19(A)(1)(a). In addition, he was cited for the following offenses: speeding in violation of R.C. 4511.21(D)(1); driving under suspension in violation of R.C. 4510.11(A); possession of drug paraphernalia with purpose to use, to-wit: a metal smoking pipe with marijuana residue, in violation of R.C. 2925.14(C)(1); and, possession or use of a controlled substance, to-wit: less than one hundred grams of marijuana, in violation of R.C. 2925.11(C).
 {¶ 4} On December 15, 2005, appellee filed a motion to "dismiss the traffic citation/suppress/in limine all evidence", a motion consisting of seven "branches." Branch I sought to dismiss the traffic citation and suppress all evidence, arguing that the appellee was stopped unlawfully and further detained without a reasonable *Page 3 
articulable suspicion of wrongdoing. Branch II sought to suppress any statements made by the appellee, arguing that appellee was not advised of his Miranda rights in a timely manner. Branch III sought to suppress all drug evidence obtained from appellee's vehicle, arguing that no search warrant was obtained and no applicable exceptions were present. Branch IV sought to exclude appellee's urine test results. Branch V sought a declaration by the court that R.C. 4511.19 was unconstitutional as it applies to marijuana. Branch VI sought to suppress all evidence pertaining to the OVI charge, arguing that appellee was arrested without probable cause that he was under the influence of drugs at the time he was operating the vehicle. Branch VII sought an Administrative License Suspension ("ALS") appeal, or in the alternative, a grant of hardship occupational driving privileges.
 {¶ 5} The trial court conducted a hearing on appellee's motion on March 29, 2006. At the conclusion of the hearing the trial court found that no probable cause existed with regard to the OVI charge. The court stated that the State could proceed with count B (driving under suspension) and count C (speeding). Tr. at 130. On March 30, 2006, the trial court issued a one page journal entry in which it sustained branches I and VI, overruled branches II, III and V, and declared branches IV and VII moot.
 {¶ 6} The State thereupon appealed the trial court's decision, setting forth three assignments of error. On appeal, this Court reversed in part and affirmed in part in a decision filed on February 12, 2007. We concluded, inter alia, that the trooper's testimony that he smelled an odor of burnt marijuana established a reasonable, articulable suspicion such that the trooper could conduct field sobriety tests. See State v.Cook, Fairfield App. No. 06-CA-20, 2007-Ohio-707, ¶ 19 ("Cook I"). But we also *Page 4 
concluded the trial court had not erred in sustaining branch number six of appellee's suppression motion, which had requested the trial court suppress all evidence pertaining to the OVI charge on the basis that appellee was arrested without probable cause. Id. at ¶ 20 — ¶ 22. However, we therewith noted: "We are unable to determine from either the trial court's journal entry or the statements in open court what specific evidence was suppressed. Therefore, we can not and do not address whether the trial court erred in suppressing any specific piece of evidence. Counsel may need to ask the trial court for clarification." Id. at f.n. 3.
 {¶ 7} On March 7, 2007, prior to any action being taken by the trial court upon remand, appellee filed a motion to dismiss the charges of driving under suspension and speeding by reason of a speedy trial violation. On May 30, 2007, the trial court issued a judgment entry denying appellee's speedy trial motion. Said judgment entry included the following language:
 {¶ 8} "This cause came before the Court on the Motion of Defendant, William H. Cook, to dismiss the case by reason of a denial of speedy trial as provided by Section 2945.71 O.R.C. As a matter of background, Defendant was charged on October 4, (sic) 2005 with Operating a Motor Vehicle Under the Influence, Driving Under Suspension, Speeding, Possession of Drug Paraphernalia and Possession of Marijuana. These five counts were all charged under the single case number shown on the caption above. Defendant subsequently field a Motion to Suppress Evidence and the Court sustained this Motion in part and effectively dismissed the O.V.I., Paraphernalia and Possession charges. This decision was subsequently appealed by the State of Ohio and the decision of the Court was sustained in part and overruled in *Page 5 
part as set forth in the Opinion of the Court of Appeals filed February 12, 2007." Decision on Motion to Dismiss, May 30, 2007, at 1.
 {¶ 9} On June 8, 2007, the State of Ohio filed a notice of appeal. It herein raises the following sole Assignment of Error:
 {¶ 10} "I. THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AS TO THE DRUG PARAPHERNALIA AND POSSESSION OF MARIJUANA CHARGES.
 {¶ 11} Additionally, on June 19, 2007, Appellee Cook filed a notice of cross-appeal. He herein raises the following sole Assignment of Error on cross-appeal:
 {¶ 12} "I. DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT FAILED TO DISMISS DUS AND SPEED FOR VIOLATION OF SPEEDY TRIAL?
 State's Appeal I. {¶ 13} In its sole Assignment of Error, the State argues the trial court erred in sustaining appellee's suppression motion as to the drug paraphernalia and marijuana possession charges. However, this argument is premised on the State's assertion that the judgment entry of May 30, 2007 was a suppression ruling. Such an assertion is unfounded. The judgment entry of May 30, 2007 merely addresses appellee's speedy trial motion, and we find the trial court's reference in said judgment entry to "effectively dismissing]" the paraphernalia and possession charges was merely a background recitation of what happened prior to our decision in Cook I. The State is thus attempting to appeal a suppression decision that does not exist in the judgment entry under appeal. Moreover, even if we were to conclude otherwise, the State did not follow the *Page 6 
appropriate time requirements for a prosecutor's appeal of the granting of a suppression motion under App.R. 4(B)(4) and Crim.R. 12(K). See, e.g., Alliance v. Hancox, (July 24, 2000), Stark App. No. 2000CA00038.
 {¶ 14} Accordingly, the State's sole Assignment of Error is overruled.
 Appellee's Cross-Appeal I. {¶ 15} In his sole Assignment of Error on cross-appeal, appellee argues the trial court erred by failing to dismiss his speeding and driving under suspension charges on speedy trial grounds. However, in the absence of a direct appeal from a conviction, the denial of a defendant's motion to dismiss on speedy trial grounds is not a final appealable order. See State v. Serednesky, Mahoning App. No. 99 CA 77,1999 WL 1124763.
 {¶ 16} We therefore lack jurisdiction to address appellee's Assignment of Error on cross-appeal. *Page 7 
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is hereby affirmed, and appellee's cross-appeal is dismissed as premature.
 Wise, J. Gwin, P. J., and Hoffman, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is affirmed, and appellee's cross-appeal is dismissed as premature.
 Costs assessed to Appellant State of Ohio. *Page 1