[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Daher v. Cuyahoga Community College Dist.,* Slip Opinion No. 2018-Ohio-4462.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4462

DAHER, APPELLEE, *v.* CUYAHOGA COMMUNITY COLLEGE DISTRICT ET AL., APPELLEES; CUYAHOGA COUNTY COURT REPORTER, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Daher v. Cuyahoga Community College Dist.,* Slip Opinion No. 2018-Ohio-4462.]

*Discovery—Final, appealable order—Trial court's in camera inspection order does not determine the action with respect to a provisional remedy under R.C. 2505.02—Court of Appeals' judgment affirmed.*

(No. 2017-0828—Submitted June 26, 2018—Decided November 6, 2018.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 104836, 2017-Ohio-751.

_____

**DEGENARO, J.**

{¶ 1} In this discretionary appeal, we consider whether an order by the General Division of the Cuyahoga County Court of Common Pleas requiring

appellant, a Cuyahoga County court reporter,[1] to submit sealed grand-jury materials for in camera court inspection is final and appealable under R.C. 2505.02(B)(4). For the reasons that follow, we hold that the order is not final and appealable, and we affirm the Eighth District Court of Appeals' dismissal of the court reporter's appeal.

**Facts and Procedural History**

**{¶ 2}** Appellee Cuyahoga Community College District hired appellee George Daher to be a part-time police dispatcher in 2012. After Daher was fired in 2015, two cases commenced in the Cuyahoga County Common Pleas Court: a criminal case charging Daher with unauthorized use of property and the civil case giving rise to this appeal, in which Daher alleged employment discrimination and retaliation by the community college and a number of its employees.

**{¶ 3}** Not long after Daher was indicted, the trial court dismissed the criminal case and sealed the record. Thereafter, Daher added a claim for malicious prosecution to his civil action and served a subpoena upon the Cuyahoga County court reporter to turn over all transcripts, notes, and exhibits from grand-jury proceedings pertaining to his indictment. The court reporter moved to quash the subpoena, contending that those materials were secret and privileged and that Daher had failed to demonstrate a particularized need for disclosure that outweighs the need for secrecy, citing *In re Petition for Disclosure of Evidence Presented to Franklin Cty. Juries in 1970*, 63 Ohio St.2d 212, 216, 407 N.E.2d 513 (1980). Daher replied that he needed the grand-jury materials to overcome the rebuttable presumption that probable cause existed to indict him. Without this material, he alleged, he would be unable to prevail on his malicious-prosecution claim.

---

1. The appellant does not indicate whether it is the office of Court Reporters for the general division of the Cuyahoga County Court of Common Pleas, *see* Loc.R. 6.0 of the Court of Common Pleas of Cuyahoga County, General Division, or one or more reporters within that office. We therefore refer to the appellant as a court reporter in the generic sense.

**{¶ 4}** The trial court held the court reporter's motion in abeyance and ordered the submission of the requested grand-jury materials for in camera inspection. The court reporter appealed to the Eighth District Court of Appeals, which dismissed the case for lack of a final, appealable order. 2017-Ohio-751, 85 N.E.3d 1048, ¶ 31. The Eighth District reasoned that only when the trial court compelled disclosure of the grand-jury materials to Daher would there be a final, appealable order for appellate review. *Daher* at ¶ 24.

**{¶ 5}** The court reporter filed a jurisdictional appeal, and we accepted two propositions of law:

> I. Litigants are prohibited from obtaining *in camera* inspection of grand jury materials by issuing a subpoena duces tecum to the court reporter during civil discovery. Ohio law requires parties seeking disclosure of grand jury materials outside of criminal proceedings to file a petition to the supervising court of the grand jury and demonstrate a particularized need for the disclosure that outweighs the need for secrecy to obtain judicial review. *Petition for Disclosure of Evidence*, 63 Ohio St.2d 212, 407 N.E.2d 513 (1980), *applied and affirmed*.
>
> II. An order compelling disclosure of secret grand jury materials for *in camera* inspection contrary to *Petition for Disclosure of Evidence*, 63 Ohio St.2d 212, 407 N.E.2d 513 (1980) is a final appealable order under R.C. 2505.02.

151 Ohio St.3d 1501, 2018-Ohio-365, 90 N.E.3d 945.

**{¶ 6}** We will address the propositions of law in inverse order, as the second raises a jurisdictional issue that we must resolve first, and its disposition controls whether we reach the merits of the first.

**Order for In Camera Review Is Not Final and Appealable**

**{¶ 7}** The Ohio Constitution grants appellate courts jurisdiction "to review and affirm, modify, or reverse judgments or final orders." Article IV, Section 3(B)(2). R.C. 2505.02(B) sets forth five types of orders that are final and appealable. The court reporter contends that the trial court's order to submit the grand-jury materials for in camera inspection is final and appealable under R.C. 2505.02(B)(4), which authorizes review for the following:

> An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

To qualify as a final and appealable order, then, the court reporter must show that (1) the order grants or denies a provisional remedy, (2) the order in effect determines the action with respect to that provisional remedy, and (3) he would not be afforded meaningful review of the decision if he had to wait for final judgment. *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 42.

**{¶ 8}** In considering each requirement, we turn first to the words of R.C. 2505.02(B)(4) and apply the usual rule that "[w]hen the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12, citing *Symmes Twp. Bd. of Trustees v. Smyth*, 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000). Unless the

4

words are defined by the relevant statute, we give them their usual and ordinary meaning. *Brecksville v. Cook*, 75 Ohio St.3d 53, 56, 661 N.E.2d 706 (1996).

{¶ 9} The court reporter maintains that the trial court's in camera inspection order "determines the action with respect to the provisional remedy" under R.C. 2505.02(B)(4)(a) because the order implicitly sanctions the use of a civil subpoena to gain access to grand-jury materials. This process, the court reporter argues, disregards the standards we laid out for the disclosure of grand-jury materials in *Petition for Disclosure of Evidence*, 63 Ohio St.2d 212, 407 N.E.2d 513, and disregards the inherent secrecy of grand-jury materials. The court reporter maintains that the trial court's order is therefore reviewable regardless of whether those materials are ultimately ordered to be disclosed to Daher.

{¶ 10} Regardless of whether the process that Daher has followed comports with the requirements of *Petition for Disclosure of Evidence*—and we do not reach that question here—the court reporter's argument ignores the threshold requirement for appellate jurisdiction under R.C. 2505.02(B)(4): the disputed order must *grant or deny* a provisional remedy. R.C. 2505.02(A)(3) defines "provisional remedy" as a "proceeding ancillary to an action, including * * * discovery of privileged matter." Here, the provisional remedy would be ordering disclosure of the grand-jury materials *to Daher. See State v. Muncie*, 91 Ohio St.3d 440, 448, 746 N.E.2d 1092 (2001) (defining the relevant order as "the mandate from the trial court that grants or denies the particular relief at issue in that proceeding"). The trial court's order was not for such disclosure; it was for in camera review.

{¶ 11} The purpose and utility of in camera inspection are in the trial court's ability to review materials without compromising the confidentiality of the information. *See Henneman v. Toledo*, 35 Ohio St.3d 241, 243, 520 N.E.2d 207 (1988). A trial court's in camera review does not cause the materials to be disclosed to the parties, the attorneys, or the public. *Huntsman v. Aultman Hosp.*, 5th Dist.

Stark No. 2006 CA 00331, 2008-Ohio-2554, ¶ 85, quoting *King v. Am. Std. Ins. Co. of Ohio*, 6th Dist. Lucas No. L-06-1306, 2006-Ohio-5774, ¶ 27.

**{¶ 12}** In managing the progression of a case, a trial court has inherent authority to use in camera review as a tool to resolve discovery disputes. *State ex rel. Grandview Hosp. & Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95, 554 N.E.2d 1297 (1990). That review "is only a minimal first step" in the process. *Id.* at 96. Thus, irrespective of whether a trial court correctly or erroneously exercises its authority to conduct an in camera inspection, the inspection remains the first step in a procedure culminating in a decision to grant or deny a provisional remedy; it is not the provisional remedy itself.

**{¶ 13}** We acknowledge the importance of the secrecy afforded to grand-jury proceedings, which is meant "to protect witnesses from retaliation, to prevent tampering with witnesses who may be called to testify at a resulting trial, and to prevent publication of unwarranted charges against an innocent target." *In re Special Grand Jury Investigation Concerning Organic Technologies,* 84 Ohio St.3d 304, 307, 703 N.E.2d 790 (1999). However, a " 'private review, prior to any order for the production of documents to an adverse party, by a competent judge who is sworn to maintain confidentiality' " does not compromise the secrecy of grand-jury materials that the General Assembly has sought to protect. *Brahm v. DHSC, L.L.C.*, 2016-Ohio-1207, 61 N.E.3d 726, ¶ 25 (5th Dist.), quoting *Huntsman* at ¶ 88. Our faith in the judiciary requires that we trust judges " 'to keep confidential information confidential.' " *Huntsman* at ¶ 85, quoting *King* at ¶ 27.

**{¶ 14}** The trial court ordered its own court reporter to submit grand-jury materials for in camera inspection so that the trial court could determine whether to order disclosure of the materials to Daher. In short, the trial court's order neither granted nor denied the provisional remedy of compelling the disclosure of grand-jury materials to Daher. Because it did not grant or deny a provisional remedy, the trial court's order did not meet the first requirement of R.C. 2505.02(B)(4). Only

after the trial court denies the motion to quash and orders its court reporter to comply with the subpoena and disclose the sought-after materials to Daher would appellate review be available to the court reporter as an avenue to seek relief.

{¶ 15} As we have determined that we lack jurisdiction to consider the merits of the court reporter's appeal, we will not address the first proposition of law, which contends that obtaining in camera inspection of grand-jury materials must be made by a petition to the supervising court and not by a subpoena duces tecum.

{¶ 16} We are bound by R.C. 2505.02(B)(4), which controls our jurisdiction regardless of any process-based contentions at this juncture. An order for a trial court's in camera *inspection* of the grand-jury materials is not an order that grants a provisional remedy; an order mandating *production* of the materials would be. Only in the event of the latter order will there be a final order over which the court of appeals has jurisdiction. Accordingly, we affirm the judgment of the Eighth District Court of Appeals dismissing the court reporter's appeal for lack of a final, appealable order.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents, with an opinion.

_____

**O'DONNELL, J., dissenting.**

{¶ 17} Respectfully, I dissent.

{¶ 18} This opinion is misguided. Sacrosanct in Ohio law is the recognized "particularized need" standard for release of a grand jury transcript. *See In re Petition for Disclosure of Evidence Presented to Franklin Cty. Juries in 1970,* 63 Ohio St.2d 212, 216, 407 N.E.2d 513 (1980). The majority opens the door to grand

jury transcripts for in camera inspection without any demonstration of particularized need in this case. Unprecedented.

**{¶ 19}** The majority asserts that upon an order to produce the transcript, an appeal may be undertaken. Still, no demonstration of particularized need demanded. Backwards.

**{¶ 20}** And, it is the hope of the majority that the trial court would be able to maintain the secrecy of the grand jury. Good luck with that!

**{¶ 21}** The naiveté of the majority is clearly demonstrated.

**{¶ 22}** The correct resolution of this appeal is aptly demonstrated in the first proposition of law advanced by the court reporter:

> Litigants are prohibited from obtaining *in camera* inspection of grand jury materials by issuing a subpoena duces tecum to the court reporter during civil discovery. Ohio law requires parties seeking disclosure of grand jury materials outside of criminal proceedings to file a petition to the supervising court of the grand jury and demonstrate a particularized need for the disclosure that outweighs the need for secrecy to obtain judicial review. *Petition for Disclosure of Evidence*, 63 Ohio St.2d 212, 407 N.E.2d 513 (1980), *applied and affirmed*.

**{¶ 23}** No more than that needs to be written.

**{¶ 24}** The majority jurists will eventually come to see the folly of today's opinion, but it will be too late to correct the damage caused by its ill-advised, hastily-considered judgment.

_____

John W. Gold, L.L.C., and John W. Gold, for appellee George Daher.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, for appellant.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.

_____