[Cite as *State v. Pecsi*, 2021-Ohio-3565.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2021-G-0019 |
| | 2021-G-0020 |
| Plaintiff-Appellee, | 2021-G-0021 |
| - v - | |
| | Criminal Appeals from the |
| JAMES E. PECSI, | Chardon Municipal Court |
| Defendant-Appellant. | |
| | Trial Court Nos. 2020 CRB 00697 |
| | 2020 CRB 00698 |
| | 2020 CRB 00699 |

## M E M O R A N D U M
## O P I N I O N

Decided: October 4, 2021
Judgment: Appeals dismissed

*Dennis M. Coyne,* Prosecuting Attorney, 1428 Hamilton Avenue, Cleveland, OH 44114 (For Plaintiff-Appellee).

*James E. Pecsi,* pro se, 35685 West Island, Eastlake, OH 44095 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, James E. Pecsi, pro se, filed notices of appeal on August 30, 2021, from three trial court entries marked as "Exhibits B C D," which he attached to his notices. They are: 1) an August 20, 2021 entry denying appellant's pro se motion to dismiss in Chardon Municipal Court No. 2020 CRB 00699; 2) an August 23, 2021 entry denying appellant's pro se motions to reconsider the motion to dismiss, a motion to terminate electronic monitoring/house and a motion to dismiss which were filed in

Chardon Municipal Court Nos. 2020 CRB 00697, 0698, and 0699; and 3) an August 25, 2021 entry denying appellant's pro se motions for a writ of habeas corpus and for a new trial date, also filed in all three trial court numbers.

{¶2} Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order."

{¶3} R.C. 2505.02(B) defines a final appealable order, in part, as the following:

{¶4} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"

{¶11} The Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a

2

disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107 (1964).

{¶12}   Here, the trial court merely denied appellant's pretrial pro se motions.  There is nothing in the record of the appeals reflecting that appellant has been convicted and sentenced on the charges against him i.e., theft, criminal trespass, receiving stolen property, and failure to disclose personal information.  In fact, the court dockets indicate that on August 25, 2021, a continuance was granted on the previously scheduled jury trial.

{¶13}   Thus, the present appeals are premature since there are no final judgments which could be the subject of an appeal at this time.  *See State v. Bittner,* 11th Dist. Lake No. 2019-L-166, 2020-Ohio-544; *State v. Payne*, 4th Dist. Lawrence No. 16CA3, 2016-Ohio-1411; *State v. Anderson,* 7th Dist. Mahoning No. 11-MA-43, 2012-Ohio-4390; *State v. Evans*, 6th Dist. Lucas No. L-08-1095, 2008-Ohio-2093.

{¶14}   Accordingly, the appeals are hereby, sua sponte, dismissed for lack of a final appealable order.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

3

Case No. 2021-G-0019, 2021-G-0020, 2021-G-0021