[Cite as *Clark v. Boyd*, 2022-Ohio-58.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ELIZABETH D. CLARK, et al., | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiffs - Appellees | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| DARCY E. SCHOLL BOYD | : | Case No. 2021 CA 0063 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County
                             Court of Common Pleas, Case No.
                             19 CV 0605

JUDGMENT:                    Dismissed

DATE OF JUDGMENT:            January 11, 2022

APPEARANCES:

For Plaintiffs-Appellees                    For Defendant-Appellant

JOHN K. RINEHARDT                           HEATHER R. ZILKA
MELANIE S. FAHEY                            NICHOLAS S. BOBB
RACHEL A. RINEHARDT                         Pelini, Campbell & Williams, LLC
2404 Park Avenue West                       5880 Innovation Drive
Mansfield, Ohio 44906                       Dublin, Ohio 43016

*Baldwin, P.J.*

**{¶1}** Appellant, Darcy E. Scholl Boyd, appeals the decision of the Richland County Court of Common Pleas denying her motion for relief from the court's order to produce her medical records for an in-camera inspection. Appellees are Elizabeth D. Clark and James Clark.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** This case arises from an ongoing discovery dispute involving the medical records of Boyd sought by the Clarks after Boyd asserted an affirmative defense in response to the complaint filed by the Clarks.

**{¶3}** Elizabeth Clark and her minor son were involved in an automobile accident allegedly due to the negligence of Boyd. The Clarks alleged in their complaint that Boyd drove left of center, collided with their vehicle and caused damage to their vehicle and serious injuries to Ms. Clark and her son. In her answer, Boyd included an affirmative defense of medical emergency. The Clarks discovered that Boyd claimed that she suffered from an incident of syncope while she was driving, lost consciousness and control of the vehicle. Boyd allegedly contended that she had mentioned syncope to some of her treating physicians, but was never told that it would recur and thus she could not have foreseen this incident. Upon receiving that information, the Clarks began requesting medical records to investigate Boyd's history of syncope and Boyd has objected to the breadth of those requests.

**{¶4}** The parties and the court struggled with the tension between broad discovery permitted by the Ohio Rules of Civil Procedure and the statutorily protected confidentiality of an individual's medical history. On June 28, 2021, during a telephone

conference, the Clark's presented a claim for additional records.  Boyd described the conference in her brief:

> During a telephone conference with the Court on June 28, 2021, Plaintiffs argued for access to more records. Plaintiffs wanted not only additional years from Ms. Scholl Boyd's primary care physician, but also access to her OB/GYN records. The Court advised given the nature of OB/GYN records they would be subject to an in-camera inspection, but there was no discussion of any specific timeframe.

(Appellant's Brief, p. 1-2).

{¶5} The Clarks described the events of the conference as follows:

> On July 1, 2021[1], counsel for the parties attended a pre-trial conference with the trial court. During the pre-trial conference, counsel for Appellant claimed that the Appellant's ob/gyn records are not subject to discovery, that they are protected by the patient-physician privilege, and that they are not causally or historically relevant to her defense of sudden medical emergency. Counsel for Appellees argued that the presence of references to syncope or pre-syncope in the requested medical records is relevant to the question of foreseeability of Ms. Scholl Boyd's claimed medical event and that the absence of references to syncope or pre-syncope undermines the veracity of Appellant's claim.

---

[1] We believe that the Clarks' reference to July 1, 2021 is a typographical error as the docket does not show that a conference was held on that date and Clarks' motion seeking the records for an in-camera inspection refers to the June 28, 2021 pretrial conference

(Appellee's Brief, p. 3).

{¶6}   On July 1, 2021, the Clarks filed a motion requesting that Boyd produce certain obstetric/gynecological record to the court for an in-camera review.  Within that motion, the Clarks reference a discussion regarding the records that occurred during a recent pretrial conference.  The trial court granted the motion the following day and on July 22, 2021, Boyd filed a motion for relief from judgment captioned "Motion of Defendant, Darcy E. Scholl Boyd, for Relief from Entry Granting Plaintiffs Access to Certain Records" contending that she was not given the opportunity to respond to Clarks' request and that she opposed the motion to produce those records.

{¶7}   The trial court denied the motion for relief from judgment and ordered that:

1. Defendant Darcy Scholl Boyd's July 22, 2021 Motion for Relief from Entry Granting Plaintiffs Access to Certain Records is not well-taken and is hereby overruled.

2. This Court's July 2, 2021 judgment entry ordering the Defendant to submit to the Court for in-camera inspection her medical records from any and all obstetrical and gynecological ("ob/gyn") providers for the period beginning September 27, 2007 to present remains in full force and effect. Such records shall be produced to the Court no later than August 23, 2021.

3. No limitation on the scope of discovery as to the records specified in paragraph 2, above, is ordered, nor should such limitation be inferred from that Order.

(Judgment Entry, Aug.12, 2021).

**{¶8}** Boyd filed a notice of appeal from this order and submitted one assignment of error:

**{¶9}** "I. APPELLANT ASSERTS THAT THE TRIAL COURT ERRED IN FINDING THAT ALL OF MS. SCHOLL BOYD'S MEDICAL RECORDS, INCLUDING THOSE THAT DO NOT REFERENCE SYNCOPE, ARE RELEVANT TO HER DEFENSE OF SUDDEN MEDICAL EMERGENCY WITHOUT A FINDING THE RECORDS ARE CAUSALLY OR HISTORICALLY RELATED AND/OR WITHOUT PERFORMING AN IN-CAMERA REVIEW."

### ANALYSIS

**{¶10}** As a preliminary matter, the instant case is before this court upon the accelerated calendar pursuant to App.R. 11.1(E), which provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

**{¶11}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *State v. Montgomery*, 5th Dist. No. 2017CA00035, 2017-Ohio-4397, 93 N.E.3d 185, ¶ 8, citing *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

**{¶12}** This appeal shall be considered in accordance with the aforementioned rules.

**{¶13}** Understanding the dispute before the trial court is complicated by the language used by Boyd to describe the Clarks' request and the findings in the trial court's August 12, 2021 entry.   The Clarks' motion did not ask for an order compelling Boyd to produce the records to them, but only that they be presented to the trial court for an in-camera review.   The trial court granted the request and ordered that the records be supplied to the trial court for an in-camera review.  Boyd filed a motion seeking relief from that order, but sought "Relief From Entry Granting Plaintiffs Access To Certain Records" when the trial court had not yet issued an order that the records be provided to the Clarks.

**{¶14}**  The trial court considered the motions filed by the parties and found that

"* * * the medical records requested by the Plaintiffs are relevant and discoverable. The Court further finds that the time periods for the medical records requested are reasonable, as limited by the Court, to obtain relevant and discoverable records. The Court further finds that medical records that both reference Defendant's history of syncope and fail to reference that history are relevant to the defense of sudden medical emergency." (Judgment Entry, Aug. 12, 2021, p. 1-2). While the trial court's findings that the requested records are relevant and discoverable provides insight into the trial court's perception of the dispute, its order does not require production of any record to the Clarks. Instead, the trial court denied the motion for relief from judgment, affirmed its order that Boyd must submit to the court for in-camera inspection her medical records from any and all obstetrical and gynecological providers for the period beginning September 27, 2007 to present, and that the order should not be interpreted to be limitation on the scope of discovery as to the subject records.

**{¶15}** Boyd concedes she is not appealing the order that she produce records for an in-camera review, but instead appeals the trial court's finding that "medical records that both reference Defendant's history of syncope and fail to reference that history are both relevant to the defense of sudden medical emergency." (Appellant's Brief, p. vii). Appellant also contends that the trial court finding that the time periods for the medical records requested are reasonable was error.

**{¶16}** The proceedings in the trial court were stayed and the records have not yet been produced for an in-camera review.

## JURISDICTION

**{¶17}** The Clarks contend that the August 12, 2021 decision of the trial court is not a final appealable order because the trial court has ordered that the records be produced for an in-camera inspection and has not yet ordered that the records be released to them.

**{¶18}** Boyd concedes that she is appealing from the August 12, 2021 order, but her appeal focuses on a finding that the requested records are relevant and discoverable, the time periods for the medical records requested are reasonable, as limited by the court, and that records that reference or fail to reference Boyd's history of syncope are relevant to the defense of sudden medical emergency. Boyd does not address the issue of whether these findings are a final appealable order.

**{¶19}** Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *General Acc. Ins. Co. v. Insurance*

*of North America*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989); *Harris v. Conrad,* 12th Dist. Warren No. CA–2001–12–108, 2002-Ohio-3885, 2002 WL 1310633. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ. R. 54(B*). Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999); *Ferraro v. B.F. Goodrich Co.,* 149 Ohio App.3d 301, 2002-Ohio-4398, 777 N.E.2d 282 (9th Dist.).

**{¶20}** As a general rule, a judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. *Moss v. Marshall Builders, Inc.,* 5th Dist. Stark No. 2018 CA 00038, 2019-Ohio-97, ¶ 30, quoting *Moscarello v. Moscarello*, 5th Dist. Stark No. 2014CA00181, 2015–Ohio–654, ¶ 11, additional citations omitted.  An exception to this general rule is an order which grants or denies a provisional remedy and "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy' and " [t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." (R.C. 2502(B)(4)(a), (b)).

**{¶21}**  For the purposes of a final appealable order, a "provisional remedy" means "a proceeding ancillary to an action, including, but not limited to, a proceeding for * * * discovery of privileged matter * * *. R.C. 2502.02(A)(3). "A proceeding for 'discovery of privileged matter' is a 'provisional remedy' within the meaning of R.C. 2505.02(A)(3)." *Brahm v. DHSC, LLC*, 5th Dist. No. 2015CA00165, 2016-Ohio-1204, 61 N.E.3d 711, ¶ 19, quoting *Smith v. Chen,* 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633. An order granting or denying a provisional remedy is final and appealable only if it determines the

action with respect to the provisional remedy, prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy and the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. The burden "falls on the party who knocks on the courthouse doors asking for interlocutory relief." *Id.* As specifically noted by the Ohio Supreme Court, "an order must meet the requirements in both subsections of the provisional-remedy section of the definition of final, appealable order in order to maintain an appeal." *Id.*

{¶22} In the matter before us, the trial court has ordered the production of medical records, privileged matters under R.C. 2317.02(B)(1), for an in-camera review and has not ordered that the records be disclosed to the Clarks. "An order for a trial court's in-camera *inspection* * * * is not an order that grants a provisional remedy; an order mandating *production* of the materials would be. Only in the event of the latter order will there be a final order over which the court of appeals has jurisdiction." (Emphasis sic.) *Daher v. Cuyahoga Community College Dist.,* 155 Ohio St.3d 271, 2018-Ohio-4462, 120 N.E.3d 830. "'Ohio appellate courts will not review orders that fall short of ordering the disclosure of privileged information' ", *DMS Construction Enterprises, L.L.C. v. Homick,* 8th Dist. Cuyahoga No. 109343, 2020-Ohio-4919, ¶ 55 quoting Paul R. Rice, et al., 1 *Attorney-Client Privilege: State Law Ohio*, Section 11:32 (June 2016 Update).

{¶23} The trial court's order to produce the records for an in-camera review does not grant or deny a provisional remedy as it does not address whether the records will be disclosed to the Clarks.  The Clarks did not seek disclosure, but only moved the court to order the records to be submitted for an in-camera review.  There is no risk that

compliance with this order will result in an injury "from the dissemination of the information itself, which cannot be remedied absent an immediate appeal." *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, at ¶ 33, as quoted in *Northeast Professional Home Care, Inc. v. Advantage Home Health Servs., Inc.*, 5th Dist. No. 2009-CA-00180, 188 Ohio App.3d 704, 2010-Ohio-1640, 936 N.E.2d 964, ¶ 34.

**{¶24}** The trial court's order is not a final appealable order pursuant to R.C 2505.02 and, therefore, we have no jurisdiction to consider the appeal.

**{¶25}** Boyd's appeal of the decision of the Richland County Court of Common Pleas is dismissed for lack of a final appealable order.

By: Baldwin, P.J.

Hoffman, J. and

Delaney, J. concur.