[Cite as *State v. Szuch Fishery 12, L.L.C.*, 2024-Ohio-1431.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2024-A-0010**<br>**2024-A-0011**<br>**2024-A-0012** |
| Plaintiff-Appellant/<br>Cross-Appellee, | |
| - vs - | Criminal Appeals from the<br>Court of Common Pleas |
| SZUCH FISHERY 12 LLC, et al., | |
| Defendants-Appellees/<br>Cross-Appellants. | Trial Court Nos. 2023 CR 00279<br>2023 CR 00280<br>2023 CR 00281 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: April 15, 2024
Judgment: Appeals and Cross-Appeals dismissed

*Colleen M. O'Toole,* Ashtabula County Prosecutor, *Christopher R. Fortunato and Matthew J. Hebebrand,* Assistant Prosecutors, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellant/Cross-Appellee).

*Erik Wineland*, Rohrbacher Trimble & Zimmerman Co., LPA, 405 Madison Avenue, 8th Floor, Toledo, OH 43604 (For Defendants-Appellees/Cross-Appellants).

JOHN J. EKLUND, J.

{¶1} On January 22, 2024, the trial court entered a judgment ruling on four motions: defendants' motions 1) for Handwriting Exemplar from Matthew Faust; 2) for review of grand jury testimony; 3) to dismiss the indictment for tampering with records; and 4) the state of Ohio's motion to quash defendants' three subpoenas.

{¶2} On motion one, the court stated "Counsel conceded this motion is now moot * * *. Therefore, the **Motion is withdrawn**."

{¶3}    On motion two, the court stated that "the Court concludes that Defendants have shown a particularized need to have the grand jury transcript reviewed to determine if the mistaken information was presented to the grand jury.  A failure to review the grand jury testimony would likely deprive the Defendants of a fair trial, and the particularized need shown by the Defendants outweighs the need for secrecy."

{¶4}    "Therefore, Defendants' Motion for Review of Grand Jury Testimony is **Granted.**  Accordingly, the Court will examine the grand jury transcript in camera * * *.  After the review * * * the Court may provide counsel with those portions of the transcript relevant to the issue * * *.  The transcript * * * shall be provided to the Court and shall remain non-public and be filed under seal."

{¶5}    On motion three, the court stated that "Defendants' Motion to Dismiss the Indictment for Tampering With Records is **held in abeyance"** pending the in camera review of the grand jury testimony.

{¶6}    The court denied motion four, holding the documents sought were "evidentiary and relevant" and "not otherwise procurable reasonably in advance of trial" and were sought in good faith.

{¶7}    Appellant/cross-appellee, "appellant," has appealed from the rulings on motions two and four.  On motion two, the court made findings and ordered an *in camera* review of grand jury transcripts.  It did not order production of the transcripts to anyone. That ruling is not a final appealable order.  *See Daher v. Cuyahoga Community College District*, 155 Ohio St.3d 271; 2018-Ohio-4462.  As to motion four, the court merely denied a motion to quash subpoenas.  It neither ordered production of evidence nor prevented

Case Nos. 2024-A-0010, 2024-A-0011, 2024-A-0012

it. That is not a final appealable order. *See State v. Pecsi,* 11th Dist. Geauga Nos. 2021-G-0019, 2021-G-0020, 2021-G-0021, 2021-Ohio-3565.

{¶8} As to appellees' cross-appeals, in the absence of a direct appeal from a conviction, appellees do not have an immediate right to appeal. *See State v. Cook,* 5th Dist. Fairfield No. 07 CA 39, 2007-Ohio-6446, ¶ 15-16.

{¶9} Further, appellees state on their cross-appeals that they are appealing the January 22, 2024 entry "declaring that the Defendants' Motion for a Handwriting Exemplar withdrawn and failing to find that the State committed a fraud upon the court." These are pretrial matters that are not immediately appealable because appellees have not been convicted and sentenced. *See Pecsi*, ¶ 11-13.

{¶10} Accordingly, the appeals and cross-appeals are dismissed for lack of a final appealable order.

{¶11} Appeals and cross-appeals dismissed.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.