[Cite as *State v. Baker*, 2018-Ohio-2285.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | | |
| | : | | |
| DAVID S. BAKER | : | | Case No. 17-COA-038 |
| | : | | |
| Defendant-Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Municipal Court of
                                  Ashland County, Case No.
                                  17 TRC 04301

JUDGMENT:                         Reversed and Remanded

DATE OF JUDGMENT:                 June 11, 2018

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ANDREW N. Bush                            MATTHEW J. MALONE
Assistant Law Director                    10 East Main Street
1213 East Main Street                     Ashland, OH  44805
Ashland, OH  44805

*Wise, E.*

{¶ 1}   Defendant-appellant David S. Baker appeals the October 17, 2017 decision of the Ashland Municipal Court, Ashland County, Ohio, overruling his motion to suppress. Plaintiff-appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On Saturday evening, June 17, 2017, at 11:20 p.m., Ohio State Highway Patrol Trooper Paul Green observed appellant operating his vehicle near West Fourth and Cottage Street in the city of Ashland, Ohio. This intersection is in the vicinity of several bars. Trooper Green noticed appellant was traveling without an illuminated rear license plate and initiated a traffic stop on that basis.

{¶ 3}   Trooper Green approached the vehicle, which contained appellant and a passenger. He noted a strong odor of alcoholic beverage emanating from the vehicle and further noted that appellant's eyes were glassy, red, and bloodshot. As he spoke with appellant, Trooper Green also noted that appellant made deliberate effort to avoid looking at him. Appellant denied consuming alcohol, but his passenger admitted to consuming alcohol.

{¶ 4}   Trooper Green asked appellant to step out of the car. Once out of the car, Trooper Green was able to confirm that appellant had a strong odor of alcohol on his breath. Appellant, however, denied consuming alcohol. Based on his observations, Trooper Green asked appellant to preform field sobriety tests.

{¶ 5}   Trooper Green began with the horizontal gaze nystagmus and noted four of six clues. He noted four of eight clues on the walk and turn and no clues on the one-leg stand. Trooper Green placed appellant under arrest. Appellant refused a portable breath

test at the scene, but later submitted to a DataMaster breath test and registered .128 breath alcohol content.

{¶ 6}   Appellant was cited for OVI and illumination of rear plate. Appellant filed a motion to suppress, arguing Trooper Green did not have reasonable suspicion to conduct field sobriety testing, that the field sobriety testing was not performed in compliance with the NHTSA manual, and that Trooper Green lacked probable cause to arrest.

{¶ 7}   A hearing was held on the matter on July 10, 2017. Trooper Green testified for the state. Appellant presented no evidence. After taking the matter under advisement, the trial court denied appellant's motion in part and granted it in part. Specifically, the trial court found Trooper Green had reasonable suspicion to request appellant preform field sobriety tests, but that the walk and turn test was not administered in substantial compliance with the NHTSA manual. The trial court nonetheless found probable cause to arrest appellant for OVI.

{¶ 8}   Appellant entered pleas of no contest. He was subsequently sentenced to 30 days of local incarceration with 27 days suspended, fines, one year community control, and one year operator's license suspension. The trial court granted appellant's motion to stay execution of sentence pending this appeal.

{¶ 9}   Appellant now brings this appeal, raising one assignment of error:

I

{¶ 10} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."

{¶ 11} Appellant argues the trial court erred in overruling his motion to suppress because Trooper Green lacked reasonable articulable suspicion that appellant was

driving under the influence, and therefore could not ask appellant to perform field sobriety tests. We agree.

{¶ 12} As stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 13} As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 94 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶ 14} In reviewing whether field sobriety testing was proper, we apply a "totality of the circumstances" approach. See, e.g., *State v. Locker*, 5th Dist. Stark App. No. 2015CA00050, 2015-Ohio-4953, ¶ 36, citing *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980).

{¶ 15} "Requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment. Courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test." *State v. Bright*, 5th Dist. Guernsey No.2009-CA-28, 2010-Ohio-1111, ¶ 17, citing *State v. Knox*, 2nd Dist. Greene No.2005-CA-74, 2006-Ohio-3039.

{¶ 16} An officer may not request a motorist to perform field sobriety tests unless the request is independently justified by reasonable suspicion based upon articulable facts that the motorist is intoxicated. *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (1998), citing *State v. Yemma*, 11th Dist. Portage App. No. 95-P-0156, 1996 WL 495076 (Aug. 9, 1996). "Reasonable suspicion is "* * * something more than an inchoate or unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause." *State v. Shepherd*, 122 Ohio App.3d 358, 364, 701 N.E.2d 778 (1997).

{¶ 17} The Supreme Court of Ohio in *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, paragraph two of the syllabus found: "The 'reasonable and articulable' standard applied to a prolonged traffic stop encompasses the totality of the circumstances, and a court may not evaluate in isolation each articulated reason for the stop." Additionally, "a court will analyze the reasonableness of the request based on the

totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." *Village of Kirtland Hills v. Strogin*, 6th Dist. Lake App. No.2005-L-073, 2006-Ohio-1450, ¶ 13, citing, *Village of Waite Hill v. Popovich*, 6th Dist. Lake App. No.2001-L-227, 2003-Ohio-1587, ¶ 14.

{¶ 18} "Where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists." *State v. Strope*, 5th Dist. Fairfield No. 08 CA 50, 2009-Ohio-3849 ¶ 19.

{¶ 19} Appellant cites to this court's decision in *State v. Hall*, 5th Dist. Stark No. 2015CA00213, 2016-Ohio-5787 in support of his argument that Trooper Green lacked reasonable suspicion to conduct field sobriety tests. In *Hall*, we concluded that red, watery, bloodshot eyes and an odor of alcohol, without additional indicia of intoxication, did not give the officer reasonable suspicion the driver was under the influence when the stop was for a single marked lanes violation made during a left turn, without speeding or additional swerving. Additionally, in *Hall*, the officer also noticed an odor of marijuana coming from the vehicle. Mr. Hall was accompanied by a front seat passenger who admitted to consuming alcohol.

{¶ 20} The State directs the court to *State v. Lauer*, 5th Dist. No 13CA0006, 2014-Ohio-1165, as support for the propriety of conducting of the field sobriety tests in the instant case. It cites *Lauer* for the proposition "that a moderate odor of alcohol beverage combined with bloodshot eyes and other factors," justified field sobriety tests. While an excellent statement in the abstract, the question turns upon the concrete details of what are the "other factors" in each individual case.

{¶ 21} In *Lauer*, the officer observed a marked lane violation and initiated a traffic stop. The defendant pulled over to the left, partially into the median instead of to the right or berm-side of the roadway. He did not completely leave the lane of travel requiring the officer to stop the cruiser in the left lane of the roadway. When asked why he pulled over to the median defendant apologized. The defendant had some difficulty locating the vehicle registration. When asked if he had anything to drink, defendant said "not much," then immediately changed his answer to either "none" or "one." Whether he said "none" or "one" was disputed during the suppression hearing

{¶ 22} In contrast, the stop in the current case, was for an equipment violation without any indication of erratic driving. The critical "other factors" put forward by the State were the time of night, that the stop occurred in an area that included a number of liquor establishments and, appellant was attempting to hide his eyes from the trooper.

{¶ 23} While the State does not address the *Hall* case specifically, its focus on the close location of some bars and the unwillingness of appellant to look the trooper squarely in the eye as significant "other factors" for the trooper to be permitted to remove appellant for the field sobriety tests. The trooper indicates this in his testimony on page 12 of the transcript:

> Prosecutor:   What do you mean that he averted his eyes…?
>
> Trooper:        He was not looking at me with his eyes, didn't want
>
> me to smell, could be, or see his eyes.

{¶ 24} Even if both of the two suggested reasons were true the trooper was able to both smell alcohol and see appellant's eyes. We do not find the suggested reticence to be further indicia of impairment required by *Strope* or *Hall.*

{¶ 25} The State further suggests that the time of night and location of nearby bars should be factor which would allow for the trooper to conduct field sobriety testing. These factors are certainly relevant to the reasonableness of a decision to make the initial stop when a driver is exhibiting signs of impairment. However, as is the case here, when the stop is for an equipment violation with no signs of impaired driving these factors have little bearing. The trooper has observed the appellant's bloodshot eyes and odor of alcohol and believes those factors. The location and time give no further clues as to whether appellant has ingested enough alcohol to be impaired.

{¶ 26} As noted above, reasonable suspicion is more than a hunch, but less than the level of suspicion required for probable cause. What is more, a motorist "need not display every possible indication of being under the influence in order for reasonable, articulable suspicion grounds to exist for the trooper to proceed with field sobriety testing" *State v. Cook*, 5th Dist. Fairfield No. 06-CA-20, 2007-Ohio-707, ¶ 19. Here, based on the condition of appellant's eyes and the strong odor of alcohol; first emanating from the vehicle prior to appellant being asked to step out of the vehicle and then on his breath, and no additional indicia of intoxication, we find the Trooper did not have reasonable suspicion to justify the request.

{¶ 27} The assignment of error is affirmed.

{¶ 28} The judgment of the Ashland Municipal Court is reversed.


By: Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.


_____

Hon. Earle E. Wise, Jr.


_____

Hon. John W. Wise


_____

Hon. Patricia A. Delaney


EEW

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                        :

                               :

    Plaintiff-Appellee          :

                               :

-vs-                           :          JUDGMENT ENTRY

                               :

DAVID S. BAKER              :

                               :

    Defendant-Appellant    :          CASE NO. 17-COA-038

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is reversed and remanded to the court for further proceedings consistent with this opinion. Costs to appellee.

_____

Hon. Earle E. Wise, Jr.

_____

Hon. John W. Wise

_____

Hon. Patricia A. Delaney