[Cite as *State v. Lyndon*, 2021-Ohio-1370.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-P-0064** |
| JENNIFER SUSAN LYNDON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Kent Division, Case No. 2019 TRC 02904 K.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Kevin J. Breen*, Kevin J. Breen Co., LLC, 3500 West Market Street, Suite 4, Fairlawn, OH 44333 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Jennifer Susan Lyndon, appeals the denial of her Motion to Dismiss and to Suppress by the Portage County Municipal Court, Kent Division. For the following reasons, we affirm the decision of the court below.

{¶2} On September 1, 2019, Lyndon was issued a Traffic Complaint charging her with OVI in violation of R.C. 4511.19(A)(1)(a) ("[t]he person is under the influence of alcohol, a drug of abuse, or a combination of them") and (d) ("[t]he person has a concentration of eight-hundredths of one gram or more but less than seventeen-

hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath").

{¶3} On November 20, 2019, Lyndon filed a Motion to Dismiss and to Suppress.

{¶4} On March 11, 2020, a hearing was held on Lyndon's Motion.

{¶5} On March 30, 2020, the municipal court denied the Motion. The court made the following factual findings:

> The Court finds that Officer McNulty was on duty, in proper uniform and operating a properly marked Kent cruiser. It was approximately 1:58 a.m. on September 1, 2019 which was an early Sunday morning. Officer McNulty was patrolling the downtown area of Kent in the area of many bars. The officer heard a car alarm sounding. She continued hearing the alarm until locating Defendant's vehicle on College Avenue at the intersection of Franklin Avenue. There are several municipal parking lots in the area and Officer McNulty indicated that this was a "high crime" area given the close proximity to the downtown bars and numerous car break ins especially late at night.
>
> The vehicle was in the lane of travel, approximately 10 feet behind the stop bar and stop sign. The interior light of the vehicle was on, the car alarm was still activated and the officer observed what she thought may be fresh damage to the bumper of the car.
>
> Officer McNulty parked behind the vehicle and turned on her overhead lights. She approached the vehicle and made contact with Defendant who was sitting in the driver's seat. The Defendant immediately stepped out of the car. Officer McNulty immediately observed a strong odor of alcohol, that Defendant had slurred speech and blood shot eyes. Defendant admitted to having "a few" beers at Ray's (a local bar), admitted to "sleeping it off" pointing to a municipal parking lot and not knowing what time it was. Although Defendant was in the driver's seat the officer could not recall whether or not the car was running.

Based on the foregoing circumstances, Officer McNulty had Lyndon perform field sobriety tests.

{¶6} On July 23, 2020, Lyndon entered a plea of "no contest" to OVI in violation

2

of R.C. 4511.19(A)(1)(a) while the charge of violating division (A)(1)(d) of this section was dismissed.  Lyndon was ordered to serve 180 days in the Portage County Jail with 177 days suspended upon conditions and 3 days credited for DIP (the driver intervention program).  She was ordered to pay a $1,075 fine and court costs with $700 suspended. Her driver's license was suspended for one year with conditional limited driving privileges allowed.

{¶7}    On August 20, 2020, Lyndon filed a Notice of Appeal.  On appeal, she raises the following assignment of error: "The trial court erred in its March 30, 2020 Judgment Entry denying Defendant's motion to suppress evidence."

{¶8}    "Appellate review of a motion to suppress presents a mixed question of law and fact."  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "[A]n appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence," but "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*

{¶9}    Lyndon does not challenge the initial stop of her vehicle.  Rather, her argument on appeal is that "there was no reasonable basis to subject Defendant to field sobriety tests and subsequent OVI breath test under the facts presented."  Appellant's Brief at 2.  Specifically: "Here, there is no evidence that the vehicle was running, that Defendant drove the vehicle or otherwise 'operated' the vehicle in an impaired state. Defendant was sleeping in her vehicle on a warm late summer night (September 1, 2019) and there was simply no basis to conduct field sobriety tests having determined that there was no exigent emergency or that Defendant was in danger or peril."  Appellant's Brief at

4.

{¶10} In order to abide by the Fourth Amendment to the United States Constitution's prohibition "against unreasonable searches and seizures," reiterated in Article I, Section 14 of the Ohio Constitution, "an officer may not request a motorist to perform field sobriety tests unless the request is * * * justified by a reasonable suspicion based upon articulable facts that the motorist is intoxicated." *State v. Russo*, 11th Dist. Lake No. 2019-L-080, 2020-Ohio-3236, ¶ 29. "A court will analyze the reasonableness of the request based on the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." *Id.*; *State v. Fitzgerald*, 2020-Ohio-4346, 158 N.E.3d 664, ¶ 10 (9th Dist.); *Westlake v. Blakely*, 8th Dist. Cuyahoga No. 107843, 2019-Ohio-3670, ¶ 19.

{¶11} In the present case, there is an abundance of articulable facts to support any reasonably prudent law enforcement officer's suspicion that Lyndon had operated a vehicle while intoxicated. Lyndon's vehicle was parked in a traffic lane with the car alarm sounding in the early hours of Sunday morning. Lyndon was unable to silence the alarm. There was "a strong odor of alcohol coming from her." She had "slurred speech" and "bloodshot eyes." She admitted that she had been drinking at a nearby bar, Ray's Place, and that "she was going to drive home that night." She was "disoriented." She told Officer McNulty that she "just came from Ray's" but pointed "up the road towards * * * the exit of [a] municipal lot." She also stated that "she was trying to sleep it off in her car." These indicators have been repeatedly cited by this court and others as justifying the decision to administer field sobriety tests based on a reasonable suspicion of intoxication. *See, e.g., State v. Osborne*, 11th Dist. Lake Nos. 2018-L-124, 2018-L-125, and 2018-L-126,

4

2019-Ohio-3235, ¶ 30; *Fitzgerald* at ¶ 11; *State v. Wright*, 2015-Ohio-2600, 38 N.E.3d 485, ¶ 56 (11th Dist.).

{¶12} We further note that this court has held: "Where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exits." (Citation omitted.) *State v. Wiesenbach*, 11th Dist. Portage No. 2010-P-0029, 2011-Ohio-402, ¶ 24.

{¶13} Lastly, we find it of little import that Officer McNulty did not observe Lyndon operate the vehicle. Lyndon was in the driver's seat and the vehicle was on a public street and no other persons were nearby. She stated that she was "coming from" Ray's. It is a reasonable inference that she operated the vehicle. *Compare State v. Steerman*, 11th Dist. Ashtabula No. 2007-A-0054, 2008-Ohio-1691, ¶ 10 ("[t]he court inferred from this statement [that he thought the driveway was wider than it was] that appellee admitted he was operating the vehicle at the time of the crash").

{¶14} The sole assignment of error is without merit.

{¶15} For the foregoing reasons, the denial of Lyndon's Motion to Dismiss and to Suppress is affirmed. Costs to be taxed against appellant.


MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.