[Cite as *State v. Ingram*, 2026-Ohio-1512.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,
CITY OF KENT,

Plaintiff-Appellee,

- vs -

MARCELLUS LA'SHAWN INGRAM,

Defendant-Appellant.

CASE NO. 2025-P-0060

Criminal Appeal from the
Municipal Court, Kent Division

Trial Court No. 2024 TRC 02414 K

---

## OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Reversed, vacated, and remanded

---

*Connie J. Lewandowski*, Portage County Prosecutor, *Theresa M. Scahill*, and *Heaven DiMartino*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Gary L. Van Brocklin*, 4410 Market Street, Youngstown, OH 44512 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}     Defendant-appellant, Marcellus La'shawn Ingram ("Ingram"), appeals from the judgment of the Portage County Municipal Court, Kent Division, convicting him of operating a vehicle under the influence of alcohol or drugs ("OVI"), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a).  Ingram pleaded no contest to the charge to preserve the suppression issue for appeal. On appeal, Ingram asserts that the trial court erred when it denied his motion to suppress finding officers had reasonable suspicion to extend the stop to conduct field sobriety tests.

{¶2} Upon review of the record, we conclude that law enforcement officers lacked reasonable articulable suspicion to conduct the field sobriety tests. Accordingly, the judgment of the Portage County Municipal Court, Kent Division, is reversed and Ingram's conviction is vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion.

## Substantive and Procedural Facts

{¶3} On November 25, 2024, a traffic complaint was filed in the Portage County Municipal Court, Kent Division, charging Ingram with operating a vehicle under the influence of alcohol or drugs ("OVI"), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a) ("Count 1"), OVI, a misdemeanor of the first degree, R.C. 4511.191(A)(1)(h) ("Count 2"), and illumination of rear license plate, a minor misdemeanor, in violation of R.C. 4513.05. The traffic citation indicated that Ingram had a Blood Alcohol Concentration ("BAC") of .185. On November 27, 2024, Ingram appeared before the court for arraignment and entered a plea of not guilty on each offense.

{¶4} On March 18, 2025, Ingram filed a motion to suppress or in the alternative for an order in limine prohibiting the introduction of any and all evidence obtained from the warrantless breathalyzer and field sobriety tests. Specifically, Ingram alleged that the law enforcement officers did not have reasonable suspicion to prolong a traffic stop where the basis of the stop was an equipment violation. Ingram sought to suppress the field sobriety tests and the subsequent breathalyzer results.

{¶5} A suppression hearing was held on June 16, 2025. The trial court denied the motion to suppress the same day. Specifically, the court below determined:

> Based upon the testimony and evidence presented, as well as
> the [c]ourt's review of the body-cam footage, the [c]ourt finds

that Officer Kucinic had a reasonable articulable suspicion to continue the stop to investigate for OVI based upon the totality of the circumstances, including the odor of alcoholic beverage emitting from the vehicle, [Ingram]'s admission of earlier alcohol consumption and [Ingram]'s acknowledgment other passengers had been drinking. The [c]ourt notes [Ingram] was polite and cooperated during the stop. The [c]ourt finds the Officer's testimony credible and further investigation in the stop to be reasonable.

{¶6} The matter was scheduled for trial on July 22, 2025. On the day of trial, Ingram executed a waiver of his constitutional rights and entered a plea of no contest to preserve the suppression issue for appeal. Ingram pleaded no contest to a "low tier" OVI, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a). Ingram waived a reading of the facts in open court. The trial court accepted Ingram's plea and found him guilty of the offense. All remaining counts were dismissed on the State's motion.

{¶7} The trial court proceeded directly to sentencing. The trial court imposed a sentence of 180 days in jail. The jail sentence was suspended on the conditions that Ingram "register and pay for a[n] accredited three-day continuous, [BMV-approved] Driver's Intervention Program [("DIP")] within 90 days" and complete the program within 180 days. The trial court informed Ingram that his driver's license would be suspended for one year. The trial court terminated the Administrative License Suspension and informed Ingram he was eligible for driving privileges. The trial court granted driving privileges for "job seeking . . . necessities, medical, and [DIP]." The court imposed a fine of $425 plus costs.

{¶8} Ingram timely appeals from the trial court's sentencing entry.

Case No. 2025-P-0060

**The Appeal**

{¶9}    Ingram raises a single assignment of error for review: "[t]he trial court erred when it found that the State of Ohio proved a reasonable suspicion to extend the traffic stop for further investigation of a possible OVI."

{¶10}   "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "[T]he trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id*. citing *State v. Mills*, 62 Ohio St. 3d 357. We must accept the trial court's findings of fact if they are supported by competent, credible evidence, and then independently decide whether those facts satisfy the applicable legal standards without deference to the trial court's decision. *Id*. "Once an appellate court determines whether the trial court's factual findings are supported by the record, the court must then engage in a de novo review of the trial court's application of the law to those facts." *State v. Eggleston*, 2015-Ohio-958, ¶ 18 (11th Dist.), citing *State v. Lett*, 2009-Ohio-2796, ¶ 13 (11th Dist.), citing *State v. Djisheff*, 2006-Ohio-6201, ¶ 19 (11th Dist.).

{¶11}   At the suppression hearing, the State presented one witness, Brimfield Township Police Officer Justin Kucinic ("Officer Kucinic"), and one exhibit, the video from Officer Kucinic's body worn camera ("State's Exhibit A"). The trial court also took judicial notice of the National Highway Traffic Safety Administration ("NHTSA") manual. The basis for the suppression hearing was the extension of the stop. The following testimony was presented at the suppression hearing:

{¶12}   On November 24, 2024, Officer Kucinic was working the midnight shift with Officer Schreckengost. While driving southbound on State Route 43 in Portage County,

Case No. 2025-P-0060

Ohio, Officer Kucinic observed a vehicle with an unilluminated license plate at approximately 2:57 a.m. When the vehicle turned onto Sanctuary View Drive, Officer Kucinic initiated a traffic stop for a violation of R.C. 4513.05, or illumination of rear license plate. Officer Kucinic testified that he did not observe any other traffic violations prior to initiating the traffic stop.

{¶13} Officer Kucinic approached the vehicle. The vehicle had four occupants, the driver, identified as Ingram, and three passengers. Officer Kucinic testified that he informed Ingram of the reason for the stop, which was the lack of illumination of the license plate. Officer Kucinic inquired where Ingram was coming from. Ingram replied that he had gone to pick up some friends who had been drinking. At the hearing, Officer Kucinic testified that he observed an odor of alcoholic beverage emanating from the vehicle. Officer Kucinic inquired whether Ingram had anything to drink. Ingram told Officer Kucinic that he had an alcoholic beverage earlier in the evening around 9 p.m.

{¶14} At the hearing, the State played a portion of State's Exhibit A. On the recording, Officer Kucinic indicated to his Field Training Officer that he did not smell any alcohol from Ingram. Officer Kucinic also stated in the recording that Ingram's eyes "don't really look bloodshot, don't see any glossiness to them" and that Ingram was "not slurring his speech or anything." On the video, Officer Kucinic was told to back up and conduct the Field Sobriety Tests.

{¶15} Officer Kucinic testified that he was concerned that Ingram may be operating the vehicle while intoxicated due to the odor and the admission by Ingram that he had consumed an alcoholic beverage. Officer Kucinic then had Ingram exit the vehicle

Case No. 2025-P-0060

for purposes of performing field sobriety tests to determine whether it was safe for Ingram to operate the vehicle.

{¶16}  In his sole assignment of error, Ingram argues that the trial court erred when it denied his motion to suppress and determined that officers had reasonable suspicion to extend the traffic stop and investigate an OVI.[1]  We agree.

{¶17}  "In order to abide by the Fourth Amendment to the United States Constitution's prohibition 'against unreasonable searches and seizures,' reiterated in Article I, Section 14 of the Ohio Constitution, 'an officer may not request a motorist to perform field sobriety tests unless the request is * * * justified by a reasonable suspicion based upon articulable facts that the motorist is intoxicated.'. . . 'A court will analyze the reasonableness of the request based on the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold.'" *State v. Lyndon*, 2021-Ohio-1370, ¶ 10 (11th Dist.), quoting *State v. Russo*, 2020-Ohio-3236, ¶ 29 (11th Dist.), and citing *State v. Fitzgerald*, 2020-Ohio-4346, ¶ 10 (9th Dist.); *Westlake v. Blakely*, 2019-Ohio-3670, ¶ 19 (8th Dist.).

{¶18}  This court has utilized a non-exhaustive list of factors that can be considered by a court to determine whether an officer had reasonable suspicion to administer field sobriety tests under the totality of the circumstances. *State v. Evans,* 127 Ohio App.3d 56 (11th Dist. 1998). The non-inclusive list includes:

> "(1) the time and day of the stop (Friday or Saturday night as opposed to, *e.g.,* Tuesday morning); (2) the location of the stop (whether near establishments [are] selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.); (4) whether there is a cognizable report that the driver may be intoxicated; (5) the condition of the suspect's eyes

---

1. Ingram does not challenge the initial stop of the vehicle.

Case No. 2025-P-0060

(bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor, as described by the officer ("very strong," "strong," "moderate," "slight," etc.); (9) the suspect's demeanor (belligerent, uncooperative, etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given. All of these factors, together with the officer's previous experience in dealing with drunken drivers, may be taken into account by a reviewing court in determining whether the officer acted reasonably. No single factor is determinative."

*Id.* at 63, fn. 2.

{¶19} While these factors are relevant, not all must be present for an officer to have reasonable suspicion. *State v. Wiesenbach*, 2011-Ohio-402, ¶ 22. "'A reviewing court must examine the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold."'" *Id.*, quoting *State v. Tournoux*, 2010-Ohio-2154, ¶ 15 (11th Dist.), citing *State v. Andrews,* 57 Ohio St.3d 86, 87-88 (1991). Further, "'[w]here a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists.' (Citations omitted.)" *State v. Osborne*, 2019-Ohio-3235, ¶ 31 (11th Dist.), quoting *Wiesenbach*, at ¶ 24. Therefore, the inquiry as to whether reasonable suspicion exists is fact intensive turning on the totality of circumstances.

{¶20} On review, we must look at the totality of the circumstances through the eyes of Officer Kucinic, giving due deference to his training and experience, to determine

Case No. 2025-P-0060

whether reasonable suspicion existed for the officer to conduct field sobriety testing. Based on the record before this court and the evidence and testimony presented in the court below, we determine that Officer Kucinic did not have a reasonable suspicion to conduct the field sobriety tests based on the totality of the circumstances.

{¶21} Upon review, four of the *Evans* factors were met. Ingram was stopped at approximately 3:00 a.m. on November 24, 2025, a Sunday morning. Ingram informed officers that he picked his friends up from a night of drinking and was acting as the designated sober driver. Three passengers were inside the vehicle. At the time of the stop, Ingram admitted that he had consumed an alcoholic beverage earlier that evening. Officer Kucinic testified at the suppression hearing that, at the time of the stop, he observed an odor of alcohol coming from the vehicle. We recognize that Officer Kucinic also made statements, captured on the body worn camera, wherein he told his Field Training Officer that he did not smell any odor of alcoholic beverage from Ingram and did not observe any glossiness of Ingram's eyes or slurred speech.

{¶22} "[A]t a suppression hearing, ... the credibility of witnesses are issues for the trier of fact." *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). "[A] reviewing court should not disturb the trial court's findings on the issue of credibility." *State v. Ashford*, 2001 WL 137595, *2 (11th Dist. Feb. 16, 2001). *See Russo*, 2020-Ohio-3236 at ¶ 35 (11th Dist.). The trial court found Officer Kucinic's testimony to be credible, and we will not disturb that finding in this instance.

{¶23} However, Officer Kucinic also testified that he did not observe any erratic driving or any maneuvering that would indicate impaired driving. Ingram was stopped for an equipment violation, lack of illumination of the rear license plate. Officer Kucinic

Case No. 2025-P-0060

testified that Ingram was cooperative during the stop, did not fumble through his documents, and responded appropriately to questioning. Indeed, other than the smell of alcohol from the vehicle, which contained three other people that were picked up after a night of drinking, Ingram's admission to drinking one beverage earlier in the evening, Officer Kucinic did not testify to any other indicia of impairment.

{¶24} The Seventh District Court of Appeals has noted: "[t]he mere detection of an odor of alcohol, unaccompanied by any basis, drawn from the officer's experience or expertise, for correlating that odor with a level of intoxication that would likely impair the subject's driving ability, is not enough to establish that the subject was driving under the influence. Nor is the subject's admission that he had had one or two beers." *State v. Reed*, 2006-Ohio-7075, ¶ 17 (7th Dist.). The Fifth Appellate District found similarly in *State v. Baker*, 2018-Ohio-2285, ¶ 26 (5th Dist.) concluding that an officer did not have reasonable suspicion to justify the request to perform field sobriety tests, "based on the condition of appellant's eyes and the strong odor of alcohol; first emanating from the vehicle prior to appellant being asked to step out of the vehicle and then on his breath, and no additional indicia of intoxication[.]"  Therefore, based on the totality of the circumstances and applying the above case law, the record in this case does not establish that reasonable suspicion existed to extend the traffic stop and administer field sobriety tests.

{¶25} While the trial court's factual findings are supported by the record, upon application of the law to the facts, we conclude that the trial court erred when it denied appellant's motion to suppress evidence. Accordingly, Ingram's sole assignment of error has merit.

**Conclusion**

Case No. 2025-P-0060

{¶26} For the reasons set forth above, the judgment of the Portage County Municipal Court, Kent Division, is reversed, Ingram's conviction is vacated, and the matter is remanded to the trial court for further proceedings.

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-P-0060

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Portage County Municipal Court, Kent Division, is reversed, the conviction vacated, and this matter is remanded to the trial court for further proceedings consistent with the opinion.

Costs to be taxed against appellee.

 

 

_____
JUDGE ROBERT J. PATTON

 

_____
JUDGE EUGENE A. LUCCI,
concurs

 

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0060